08-3833-pr
Lopez v. Ferguson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSE HECTOR LOPEZ,

> *Plaintiff-Appellant*,

> v.                                                              08-3833-pr

COMMISSIONER JAMES FERGUSON, COMMISSIONER
JENNIFER ARENA, NYS EXECUTIVE DEPARTMENT,
"DEPARTMENT HEAD," NYS EXECUTIVE DEPARTMENT
- DIVISION OF PAROLE,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR APPELLANT:**            Jose Hector Lopez, *pro se*, Staten Island, NY.

**FOR APPELLEES:**            Carol Fischer, Assistant Solicitor General, *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, NY.

     Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

     Plaintiff-appellant Jose Hector Lopez, *pro se*, appeals from the judgment of the District Court dismissing without prejudice Lopez's action brought under 42 U.S.C. §§ 1983, 1985(3), and 1986 because his action was duplicative of another action pending in federal court. On appeal, Lopez argues that the District Court erred in dismissing his claim (1) because the issues presented in his case differ from those presented in *Graziano v. Pataki*, S.D.N.Y. 06-cv-0480 and (2) because the District Court failed to construe his complaint as asserting a due process claim. He also raises several arguments for the first time on appeal—namely, (1) that his due process rights were violated because defendant Arena was not qualified to serve as a Commissioner; (2) his case differs from *Graziano* because he has an outstanding order of deportation; and (3) defendants violated his equal protection and due process rights by denying his requests to be deported. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     We review a district court's dismissal of claims as duplicative for abuse of discretion. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)).

     We have specifically recognized that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138. Here, the District Court properly dismissed Lopez's claims against the "department head" of the New York State Executive Department, Division of Parole ("DOP") because those allegations duplicated claims—including the due process claim that Lopez contends the District Court failed to recognize—that are being raised in *Graziano*, a separate class action against the DOP and its commissioner, and Lopez falls within the class certified in that case.

Defendants James Ferguson and Jennifer Arena, however, are not named as defendants in *Graziano*. Nevertheless, the suits are duplicative because the suit involves essentially the same factual background and legal questions as those presented in *Graziano* and Ferguson and Arena's interests are adequately represented by the defendants in *Graziano*. *See Alpert's Newspaper Delivery Inc. v. New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989) (holding that "one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, even though the first party was not formally a party to the litigation"). We conclude that the Department Head of the DOP can adequately represent the interests of Ferguson and Arena, who are Commissioners of the DOP, and thus, that the District Court did not err in dismissing Lopez's claims without prejudice.

We decline to consider issues that were not presented to the District Court. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____